**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                 No. CV 10-1263 JP/WPL
                                             CR 08-2436 JP

MATTHEW MOWERY,

       Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

       This matter comes before the Court on Defendant's Motion for Relief from Final Judgment Under Fed.R.Civ.P. 60(b)(4) (CV Doc. 16; CR Doc. 68) filed on July 3, 2013.   The motion asks the Court to reopen Defendant's proceeding under 28 U.S.C. § 2255.[1]   The Court will dismiss the motion for lack of jurisdiction.

       In his § 2255 motion, Defendant claims that his attorney provided ineffective assistance in plea negotiations and at sentencing.   As a result, the Court erroneously ordered consecutive, rather than concurrent, sentences on Defendant's conviction.   By order entered on July 31, 2012, the Court dismissed the § 2255 motion on the merits (CV Doc. 10; CR Doc. 62).   Now, in his rule 60(b) motion, Defendant asserts that " 'defect[s] in the integrity of the [§ 2255] proceedings,' " *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006), deprived him of " 'the opportunity to be heard,' " *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010), in violation of his due process rights.

       Defendant argues that his motion is a "true" rule 60(b) motion and not a successive § 2255

---

1 The Court notes that Defendant appealed the dismissal of his § 2255 motion, (CV Doc. 11; CR Doc. 63), and the Tenth Circuit Court of Appeals dismissed the appeal.   *See United States v. Mowery*, 512 F. App'x 824, 830 (10th Cir. 2013).   The Tenth Circuit's docket, *see* https://ecf.ca10.uscourts.gov, does not indicate issuance of a mandate, and the appellate dismissal order is not entered on this Court's docket.

motion.   As applicable here, the distinction is that, in a § 2255 proceeding, a "true" 60(b) motion "is a challenge to 'a defect in the integrity of the federal habeas proceeding, *provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition*.' "   *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (italics in *Lindsey* opinion) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)).   Examples of "true" 60(b) motions are those that raise the district court's "failure to reach the [§ 2255] merits," *Gonzalez v. Crosby*, 545 U.S. at 538, or failure to rule on a claim in the § 2255 motion, *cf. United States v. Espinoza*, 421 F. App'x 817, 818 (10th 2010) (ruling on a rule 59(e) motion).

On the other hand, a 60(b) motion is a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d at 1215 (citing *Gonzalez v. Crosby*, 545 U.S. at 538).   Stated otherwise, a 60(b) motion is a second or successive § 2255 motion "if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding." *In re Pickard,* 681 F.3d 1201, 1206 (10th Cir. 2012); *see also United States v. Harrison*, 382 F. App'x 678, 680 (10th Cir. 2010) ("Although *Gonzalez* dealt with § 2254 applications for relief, we have applied its analysis to § 2255 motions.").   An example is "a motion 'seek[ing] vindication of' a habeas claim by challenging the habeas court's previous ruling on the merits of that claim." *Spitznas v. Boone*, 464 F.3d at 1216 (citing *Gonzalez v. Crosby*, 545 U.S. at 531).   Determination of the nature of a motion rests primarily on the motion's substance and the relief sought by the Defendant.   *See United States v. Baker*, 718 F.3d 1204, 1207-08 (10th Cir. 2013).

Defendant makes several assertions to support his position that his motion is a "true" 60(b) motion.   In the motion, he alleges that "[t]he Court failed to obtain an affidavit from defense

2

counsel to ascertain his state of mind," (p. 11), "[t]he Court failed to obtain an affidavit/declaration/statement from Judge Conway to ascertain his state of mind," (p. 15), "[t]he Court failed to hold an evidentiary hearing," (p. 18), and the Judge had "[a] conflict of interest," (p. 10).

In a 2009 decision, the Tenth Circuit Court of Appeals specifically rejected one of Defendant's assertions.

> [T]here could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination. It follows that, to argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits.

*In re Lindsey*, 582 F.3d at 1176 (10th Cir. 2009). The court's rationale in *In re Lindsey* demonstrates the central flaw in Defendant's position that his motion is a "true" 60(b) motion. The analysis applies equally to each of Defendant's assertions. Defendant's 60(b) motion squarely attacks the Court's ruling on the merits of his original § 2255 motion and thus amounts to a second or successive § 2255 motion.

On the other hand, because Defendant previously filed a § 2255 motion, the Court will not recharacterize his rule 60(b) motion as a § 2255 motion. A district court does not abuse its discretion in declining to recast a pleading as a § 2255 motion when relief would "facially 'be barred as . . . second or successive under 28 U.S.C. § 2255.' " *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005); *United States v. Duggins*, 478 F. App'x 532, 533 (10th Cir. 2012) (affirming district court's refusal to recharacterize pleading as § 2255 motion). And because Defendant's rule 60(b) motion will not be recharacterized, the Court has no jurisdiction to consider his claims. *See United States v. Nelson*, 465 F.3d at 1148 ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have

jurisdiction to deny the relief sought in the pleading.").   Under the rulings in *Valadez-Camarena* and *Nelson*, the Court will dismiss Defendant's rule 60(b) motion for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion for Relief from Final Judgment Under Fed.R.Civ.P. 60(b)(4) (CV Doc. 16; CR Doc. 68) filed on July 3, 2013, is DISMISSED for lack of jurisdiction.

_____

UNITED STATES DISTRICT JUDGE