IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        No. CR 08-2436 JAP

MATTHEW MOWERY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On August 17, 2016, Defendant Matthew Mowery filed a MOTION TO RECONSIDER DENIAL OF REDUCTION OF SENTENCE, UNDER 18 U.S.C. § 3582(c)(2) (Motion) (Doc. No. 104). Defendant asks the Court to reconsider its denial of Defendant's earlier petition to modify his sentence (Doc. No. 93), and requests a 33-month reduction of his sentence. In the UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER DENIAL OF REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2) (Response) (Doc. No. 109), the government suggests that the Court grant Defendant's Motion in part by reducing his sentence by 10 months. In the REPLY TO GOVERNMENT'S RESPONSE TO THE MOTION TO RECONSIDER DENIAL OF REDUCTION OF SENTENCE, UNDER 18 U.S.C. § 3582(c)(2) (Reply) (Doc. No. 110), Defendant again asks for a 33-month reduction of his sentence.

On February 22, 2016, DEFENDANT'S [*Pro Se*] MOTION FOR RECONSIDERATION (First *Pro Se* Motion to Reconsider) (Doc. No. 96) was filed. The government did not respond to

1

the First *Pro Se* Motion to Reconsider, and on June 13, 2016, DEFENDANT'S PRO-SE MOTION TO CORRECT/CLARIFY RECORD AS TO CONVICTION (Second *Pro Se* Motion to Reconsider) (Doc. No. 98) was filed. The government did not respond to Defendant's Second *Pro Se* Motion to Reconsider. On July 7, 2016, counsel was re-appointed for Defendant (Doc. No. 99), and counsel filed Defendant's present Motion (Doc. No. 104) that is fully briefed.

## Procedural Background

In 2005, Defendant pled guilty to a single count of possession with intent to distribute methamphetamine ("2005 conviction"). Doc. Nos. 23 and 24 in No. CR 05-761 JC. Defendant was released to his mother's home and was not sentenced at that time. *Id.* In 2008, while still on release, the Drug Enforcement Administration discovered methamphetamine in Defendant's home, which Defendant admitted he had purchased for the purpose of distributing. He was taken into custody and charged in federal court with one count of possession with intent to distribute. On October 22, 2009, Defendant pled guilty to the drug charge ("2008 conviction"). Doc. Nos. 36 and 37 in No. CR 08-2436 JC. On February 17, 2010, Senior United States District Court Judge John Conway sentenced Defendant as to both the 2005 and the 2008 convictions. Doc. No. 42 in No. CR 08-2436.

Judge Conway imposed a sentence of 120 months for Defendant's 2005 conviction, and a consecutive sentence of 168 months for his 2009 conviction, for a total term of incarceration of 288 months. *See* Doc. No. 42 in No. CR 08-2436. With respect to the 2008 conviction, the Sentencing Minutes (Doc. No. 42 at 1) reflect that the 168-month sentence was broken down into 121 months for the underlying drug count and an additional 47 months for the required

apportionment under 18 U.S.C. § 3147.[1] The two periods of confinement (121 plus 47) ran consecutively with each other, yielding a total sentence of 168 months. Defendant's Motion challenges only the 2008 sentence.

On October 27, 2015, Defendant, through counsel, filed DEFENDANT'S PETITION TO MODIFY SENTENCE PURSUANT TO THE TWO-LEVEL REDUCTION AMENDMENT 782 (Petition) (Doc. No. 93). Defendant argued that retroactive application of Amendment 782 entitled him to a reduction of his sentence. Amendment 782 "reduce[s] the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the [Sentencing] Guidelines minimum sentences for drug offenses." *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (citation omitted). *See also* U.S.S.G., suppl. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014). The Amendment became effective on November 1, 2014, and applies retroactively. *Kurtz*, 819 F.3d at 1234.

Because Judge Conway is deceased, the proceedings in this case, including Defendant's Petition, were transferred to the undersigned Senior United States District Court Judge. *See* Doc. No. 69. On November 9, 2015, the assigned Probation Officer issued a memorandum pertaining to Defendant's Petition. The Probation Officer advised the Court as follows:

> [Defendant's 2008] sentence was based on a total offense level of 34 and a criminal history category of II, resulting in a guideline imprisonment range of 168 to 210 months. The defendant committed the instant [2008] offense while on pretrial release and was therefore subject to the sentencing enhancement pursuant to 18 U.S.C. § 3147. In order to comply with [] § 3147, [Judge Conway] divided the sentence on the Judgment between the sentence attributed to the underlying offense, and the sentence attributable to the enhancement. Therefore, the defendant was sentenced to 121 months for the underlying drug offense and 47

---

[1] Title 18 U.S.C. § 3147 requires that a person, convicted of an offense committed while on release, be sentenced (in addition to the sentence prescribed for the underlying offense) to a term of imprisonment of not more than ten years if the offense is a felony. 18 U.S.C. § 3147(1). The related Sentencing Guideline provides that if a sentencing enhancement under § 3147 applies, the offense level must be increased by three levels. U.S.S.G. § 3C1.3.

>months pursuant to 18 U.S.C. § 3147 to run consecutively for a total term of 168 months.

November 9, 2015 Memorandum from Probation to the Court, attached to this opinion as Ex. A. The Probation Officer determined that a retroactive application of Amendment 782 would reduce Defendant's base offense level from 34 to 32. However, a base offense level of 32 combined with a criminal history category of II resulted in a guideline range of 135 to 168 months, the low end of which would be higher than the 121-month term of imprisonment that Judge Conway imposed for the underlying drug charge. Thus, the Probation Officer concluded that Defendant was not eligible for a sentencing reduction. *Id.*

On February 8, 2016, the government responded both to Defendant's Petition and the Probation Office's Memorandum by filing REPLY TO USPO MEMORANDUM AND RESPONSE TO MOTION FOR REDUCED SENTENCE ("Reply to USPO Memo") (Doc. No. 94) that was docketed as a Motion to Dismiss for Lack of Jurisdiction. The government argued that because Judge Conway had imposed a sentence of 121 months that was below 135 months, the low end of the new sentencing range, the Court lacked statutory authority to modify Defendant's sentence. *Id.* at 1. Notwithstanding the government's recitation of facts in its brief regarding the wrong defendant, it remained the government's position that this Defendant was not eligible for re-sentencing. *See id.*

On February 9, 2016, the Court entered an Order granting the government's motion to dismiss and dismissing Defendant's Petition, having found that Defendant was not statutorily eligible for re-sentencing. Doc. No. 95.

On February 22, 2016, Defendant filed his First *Pro* Se Motion to Reconsider the Court's February 9, 2016 Order. Doc. No. 96. Defendant challenged, in part, the mistaken facts set out by the government in its Reply to USPO Memo, s*ee* Doc. No. 94 at 1. While the government did

not respond to Defendant's First *Pro* Se Motion to Reconsider, that motion may have prompted counsel for the government to email the United States Probation Office on February 24, 2016, regarding counsel's confusion about how to determine Defendant's possible eligibility for re-sentencing.[2]

On June 13, 2016, Defendant filed his Second *Pro Se* Motion to Reconsider.[3] Doc. No. 98. The government did not respond to the Second *Pro Se* Motion. On July 6, 2016, the Court wrote counsel a letter regarding Defendant's First and Second *Pro Se* Motions to Reconsider and the February 26, 2016 email from AUSA Pflugrath to Probation. The Court asked counsel to confer about the issues and questions raised by Mr. Pflugrath to see if counsel could reach a resolution of Defendant's First and Second *Pro Se* Motions. If counsel were unable to reach a resolution, the Court set deadlines for Defendant's attorney to file an appropriate motion on behalf of his client, and for the government to file a response to all of Defendant's pending motions. Defense counsel filed the present Motion and the government responded.

After careful consideration of the pertinent law and briefing, the Court will deny Defendant's Motion (Doc. No. 104), as well as Defendant's First and Second *Pro Se* Motions that also seek reconsideration of his sentence (Doc. Nos. 96, 98). The Court observes that Defendant has another pending motion that attempts to set forth a habeas claim of ineffective assistance of counsel. Doc. No. 1 in No. CIV 16-900 JP/LAM and Doc. No. 100 in No. CR 08-2436 JP. The Court will issue a separate Order on the habeas motion.

---

[2] The February 24, 2016 email to probation from Assistant U.S. Attorney W.J. Pflugrath is discussed in Defendant's Motion and was supposed to be attached as an exhibit, along with the Court's letter to counsel, dated July 6, 2016. Motion at 3 (referring to Exhibits A and B). Neither exhibit was attached to the Motion. For the sake of clarity, the Court will attach to this opinion the February 24, 2016 email correspondence to Probation as Exhibit B, and the Court's July 6, 2016 letter to counsel as Exhibit C.

[3] Defendant's Second *Pro Se M*otion to Reconsider asks the Court to grant him a sentence reduction and to correct the facts that government counsel mistakenly included in the Reply to USPO Memo (Doc. No. 94). There is no need to correct the facts since the pertinent underlying facts concerning the charges against Defendant and his convictions are clearly set out in this Motion, Response, and Reply. *See* Doc. Nos. 104, 109, 110.

**Parties' Positions**

Defendant's Motion asks the Court to reconsider the denial of his request to reduce his sentence under 18 U.S.C. § 3582(c)(2). Defendant claims that the district court may reduce a previously imposed sentence if the applicable sentencing range has been lowered by an amendment to the Sentencing Guidelines. According to Defendant, retroactive application of Amendment 782 will lower the applicable sentencing range. In support of his position, Defendant argues that if the Court adopts government counsel's calculations, sent to Probation in the February 24, 2016 email, "it appears that [Defendant] should be eligible for resentencing and a reduction …." Motion at 3–4. Defendant suggests that the Court start with a sentencing guideline range of 135-168 months (arrived at by reducing the base offense level from 34 to 32 and applying a criminal history of II), and reduce the low end of the guideline range by 47 months for the violation while on release (which Defendant believes is what Judge Conway did), to yield a sentence of 88 months. *Id.* at 4. Then Defendant proposes that the Court add 47 months to the 88-month sentence for a total of 135 months, which he believes should be compared with the higher 168 month sentence Judge Conway imposed. *Id.*

The government initially contended that Defendant was not eligible for a reduction of his sentence. Doc. No. 94. *See* discussion *supra* and Response at 3. In its present Response, however, the government changed course, explaining that if the Court compares a modified 135-month sentence to the previous total sentence of 168 months (as opposed to the 121-month sentence for the underlying drug charge), Defendant will be eligible for a reduction of his sentence. Response at 3–4, 6. However, the government suggests that the Court limit the reduction of Defendant's sentence to a total of 10 months based on the application of the 120-month mandatory minimum sentence that the Court must impose for the drug charge. *Id.* at 8.

Stated differently, the government proposes that the Court calculate a 120-month term of imprisonment for the underlying drug charge and add 38 months with respect to the apportionment requirement, to yield a total sentence of 158 months, thereby amounting to a 10-month reduction of the 168-month sentence. *Id.* at 8–9.

The Court does not set out the details of the government's complicated calculations mainly because the undersigned judge has no way of knowing how Judge Conway decided on the 121-month sentence for the underlying drug charge. Judge Conway may have determined the 121-month sentence consistent with government counsel's calculations or he may simply have added one month to the 10 year mandatory minimum of 120 months for the pertinent drug charge to reach the 121-month sentence. Because the undersigned judge has no insight into the process used by Judge Conway, the Court will not engage in speculation.

## Analysis

### I.  *Pertinent Legal Standard*

Title 18 U.S.C. § 3582 generally prohibits a court from modifying a term of imprisonment after it has been imposed but allows a court to reduce a term of imprisonment, after considering specific facts listed in § 3553(a), if applicable, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). *See, e.g., United States v. Muldrow*, 612 F. App'x 508, 511 (10th Cir. 2015) (noting that § 3582 permits district courts to modify previously imposed sentences "in limited circumstances.").

The applicable policy statement regarding reductions of sentences based on amendments to the sentencing guidelines "disallows reductions when 'an amendment … does not have the effect of lowering the defendant's applicable guidelines range.'" *Id.* at 512. *See Kurtz,* 819 F.3d

at 1234 ("Only amendments that 'have the effect of lowering the defendant's applicable guideline range' may be used to obtain § 3582(c)(2) relief.") (citation omitted). Thus, the pertinent question in deciding Defendant's Motion is whether Amendment 782 lowers Defendant's guideline range. If it does, then Defendant is eligible for modification of his sentence. If it does not, the Court lacks statutory authority to reduce Defendant's sentence.

II.    *Discussion*

Both Defendant and the government compare guideline ranges that they arrive at by calculating "enhanced" and "unenhanced" components of the possible sentences and their resulting guideline ranges. *See, e.g.,* Response at 3–4. The government observes that the Court "is in unchartered waters" with respect to this kind of request for a sentence reduction. "This § 3582 petition is atypical, and much more difficult to unravel, because the sentence involved the enhancement described in 18 U.S.C. § 3147 which applies in instances when a defendant commits a new offense while on conditions of release for a prior crime." *Id.* at 4. The government could find no Tenth Circuit Court authority or any other case law addressing a § 3582 petition in the context of a § 3147 enhancement. In fact, neither party refers to any case law concerning § 3582 petitions.

Although the Tenth Circuit Court in *Kurtz* did not address a § 3147 enhancement to a sentence, the Court set forth general guidance regarding how to treat enhancements and reductions in applying Amendment 782. In *Kurtz*, the defendant was responsible for an amount of drugs that, under Amendment 782, corresponded to a new base offense level of 32, rather than 34. *Kurtz*, 819 F.3d at 1235. The Tenth Circuit Court instructed that in computing a new guideline range under the Amendment, the Court was to keep all other Guidelines enhancements and reductions the same. *Id. citing* U.S.S.G. § 1B1.10(b)(1) (directing courts, when granting a

sentence reduction under a retroactive amendment, to "leave all other guideline application decisions unaffected.").

Here, like *Kurtz*, the retroactive application of Amendment 782 would result in a base offense level of 32 for Defendant, rather than 34. Defendant's Presentence Investigation Report indicates that he was given a three-level increase under § 3147 and a three-level reduction for acceptance of responsibility. With a base offense level of 32, Defendant's adjusted offense level would be 35 after adding three levels and then 32 again after subtracting three levels. Thus, his total adjusted offense level with enhancements and reductions would be 32. An offense level of 32, combined with a criminal history category of II, results in a guideline imprisonment range of 135 to 168 months. November 9, 2015 Memo to Court from Probation. Judge Conway previously sentenced Defendant to a term of imprisonment of 121 months for the underlying drug charge. Accordingly, because the lower bound of the revised guideline range is higher than the originally imposed 121-month term of incarceration, the Court lacks statutory authority to reduce Defendant's sentence under § 3582(c)(2). *See Kurtz*, 819 F.3d at 1235.

Having found that Defendant is not eligible for a reduction of his sentence, the Court determines that he has failed to advance any persuasive argument as to why the Court should reconsider its previous Order (Doc. No. 95). The Court recognizes the government's change of position and its suggestion that Defendant might be eligible for a 10-month sentence reduction. But, the Court finds that, under the circumstances, it lacks statutory authority to reduce Defendant's sentence under § 3582(c)(2). Therefore, the Court will deny all of Defendant's motions to reconsider.

IT IS THEREFORE ORDERED that:

(1) Defendant's MOTION TO RECONSIDER DENIAL OF REDUCTION OF SENTENCE, UNDER 18 U.S.C. § 3582(c)(2) (Doc. No. 104) is DENIED;

(2) DEFENDANT'S PRO-SE MOTION TO CORRECT/CLARIFY RECORD AS TO CONVICTION (Doc. No. 98) is DENIED; and

(3) DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. No. 96) is DENIED.

_____
SENIOR UNITED STATES DISTRICT COURT