IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW MOWERY,

      Movant,

vs.                                            No. CV 16-00900 JAP/LAM
                                                 No. CR 08-02436 JAP

UNITED STATES OF AMERICA,

      Respondent.

### MEMORANDUM OPINON AND ORDER OF DISMISSAL

On August 8, 2016, Movant Matthew Mowery filed DEFENDANT'S PRO-SE MOTION TO DETERMINE IF THE LEVEL OF COURT-APPOINTED REPRESENTATION WAS ADEQUATE, PURSUANT TO THE CRIMINAL JUSTICE ACT (18 USC § 3006A). (*Pro Se* Motion) (CV Doc. 1 and CR Doc. 100). The *Pro Se* Motion is a second or successive § 2255 motion filed without authorization from the United States Court of Appeals for the Tenth Circuit. Therefore the Court will dismiss the *Pro Se* Motion for lack of jurisdiction.

Judgment on Mowery's criminal sentence was entered on February 17, 2010. (CR Doc. 43). Mowery appealed to the Tenth Circuit on February 18, 2010. (CR Doc. 45). He then voluntarily dismissed the direct appeal and the Tenth Circuit issued its Mandate of dismissal on April 27, 2010. (CR Doc. 56). Mowery filed a counseled motion under 28 U.S.C. § 2255 on September 14, 2010. In his first § 2255 motion, he raised issues of ineffective assistance of counsel in negotiating his plea agreement and in the sentencing proceedings. (CR Doc. 57). On July 31, 2012, the Court entered an Order concluding that Mowery's counsel was not ineffective and denying his § 2255 motion. (CR Doc. 62). Mowery then appealed the Court's denial of the § 2255 motion. (CR Doc. 63).

1

On July 3, 2013, Mowery filed a motion under Fed. R. Civ. P. 60(b), raising essentially the same ineffective assistance of counsel arguments. (CR Doc. 68). The Court determined that Mowery's Rule 60(b) motion was, in substance, a second § 2255 motion and dismissed the motion for lack of jurisdiction because it was filed without Tenth Circuit authorization. (CR Doc. 70). Mowery filed a Motion to Alter or Amend on January 6, 2014, again raising the same ineffective assistance of counsel arguments. (CR. Doc. 71). The Court determined the Motion to Alter or Amend should be substantively characterized as a third § 2255 motion and once more dismissed the Motion for lack of jurisdiction because Mowery had not obtained Tenth Circuit authorization to proceed before filing the Motion. (CR Doc. 75). Mowery then filed the present *Pro Se* Motion on August 8, 2016, once more making the ineffective assistance of counsel arguments he has made in his three prior § 2255 filings. (CV Doc. 1, CR Doc. 100).

The Clerk of the Court has docketed Mowery's *Pro Se* Motion as a motion under 28 U.S.C. § 2255 and Mowery has objected to the Clerk's action. (CV Doc. 4, CR Doc. 106). The Court concludes that Mowery's *Pro Se* Motion is properly characterized as a § 2255 motion and Mowery's Objection is overruled.

The exclusive remedy for testing the validity of a sentence and judgment is the remedy provided for in 28 U.S.C. § 2255. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). Determination of the nature of a motion rests primarily on the motion's substance and the relief sought by the movant. *United Sates v. Baker,* 718 F.3d 1204, 1207-08 (10th Cir. 2013). A motion is a § 2255 motion if it in substance or effect asserts a federal basis for relief from the movant's underlying conviction and sentencing. *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006).

In his *Pro Se* Motion, Mowery claims that he received ineffective assistance of counsel in advising him to accept a plea agreement and during the sentencing proceedings in his underlying criminal case. (CV Doc. 1 at 2-3, CR Doc. 100 at 2-3). Mowery seeks a hearing "to determine if the level of representation was adequate. (CV Doc. 1 at 1, Cr Doc. 100 at 1). Mowery's *Pro Se* Motion is a substantive challenge to the validity of his conviction and sentence. The Court will construe Mowery's *Pro Se* Motion as a second or successive § 2255 motion. *See, e.g., Spitznas v. Boone,* 464 F.3d at 1215; *Peach v. United States,* 468 F.3d 1269, 1270 (10th Cir. 2006).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant ***shall*** move the appropriate court of appeals for an order authorizing the district court to proceed on the application. 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Tenth Circuit, this Court does not have jurisdiction to consider Mowery's application. *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1267-68 (10th Cir. 2015);

Mowery has filed his third § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). As Mowery has been advised on two previous occasions, this Court lacks jurisdiction to consider his motion absent the requisite authorization. (CR Doc. 70, 75). When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the

matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). The Court determines that, because Mowery has twice been informed of the need for court of appeals' authorization and has again failed to seek that authorization before filing in this Court, it is not in the interests of justice to transfer this matter to the Tenth Circuit. *In re Cline,* 531 F.3d at 1252; *United States v. Wetzel-Sanders*, 805 F.3d at 1268.

The Court also determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Mowery has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Matthew Mowery's Pro-Se Motion Requesting a Special Discovery Hearing to Determine if the Level of Court-Appointed Representation Was Adequate, Pursuant to the Criminal Justice Act (18 USC § 3006A). (CV Doc. 1, CR Doc. 100) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

*[signature: James A. Parker]*
UNITED STATES DISTRICT COURT