IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                 Case No. 1:08-cr-2436 KWR

MATTHEW MOWERY,

    Defendant.

### ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Mr. Mowery's Motion to Appoint Counsel **(Doc. 138)**. For the reasons stated below, the Court finds that the motion to appoint counsel is not well-taken and therefore is **DENIED** without prejudice. Mr. Mowery may file a new motion explaining why he seeks appointment of counsel.

Mr. Mowery wrote a letter to the Court requesting an attorney for his case. Judgment was last entered in this case on July 14, 2017. He asserts "I believe that having an attorney will help me present my case more effectively and ensure that my rights are protected." Doc. 138 at 1. He does not explain why he would need counsel, or what proceeding he hopes to initiate.

To the extent Mr. Mowery seeks appointment of counsel to aid him in filing a compassionate release motion, the Court will deny the motion to appoint counsel. He has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (unpublished) (right to counsel does not extend to § 3582(c)(2) motion); *United States v. Olden*, 296 Fed. App'x. 671, 674 (10th Cir. 2008)

(unpublished) (no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)."); *United States v. Carrillo,* 389 Fed.Appx. 861, 863 (10th Cir.2010) (unpublished); *United States v. Olden,* 296 Fed.Appx. 671, 674 (10th Cir.2008) (unpublished); *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1; *United States v. Abascal*, No. 2:13-CR-2424-RB, 2020 WL 3265243, at *1 (D.N.M. June 17, 2020); *United States v. Stewart*, No. 1:15-CR-779 WJ, 2020 WL 3832954, at *2 (D.N.M. July 7, 2020).

However, the Court may appoint counsel in the interest of justice. In determining whether to appoint counsel for a compassionate release motion, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, the Court exercises its discretion and declines to appoint counsel at this time. The Court has reviewed the record in this case. Mr. Mowery has not explained why he would need counsel.

Therefore, the Court will deny Defendant's motion without prejudice. Defendant may file a new motion for appointment of counsel, explaining why he seeks counsel.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Appoint Counsel (**Doc. 138**) is **DENIED** without prejudice.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE